Case 2:18-cv-01380-ADS-ARL  Document 1  Filed 03/06/18  Page 1 of 16 PageID #: 1

Peter A. Romero, Esq.
LAW OFFICE OF PETER A. ROMERO PLLC
103 Cooper Street
Babylon, NY 11702
(631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JULIO GALARZA and VICTOR CONTRERAS, on behalf
of themselves and all other persons similarly situated,

                Plaintiffs,                            **COMPLAINT**

    -against-

HYRDRO ENVIRONMENTAL CONTRACTING,
CORP. d/b/a ENVIRO DRILLING & CONTRACTING
INC., HYDRO TECH ENVIRONMENTAL, CORP.,
HYDRO TECH ENVIRONMENTAL ENGINEERING
AND GEOLOGY, D.P.C., MOSTAFA EL SEHAMY,
MARK E. ROBBINS, and TAREK Z. KHOURI,

                Defendants.
------------------------------------------------------------------------X

Plaintiffs, JULIO GALARZA and VICTOR CONTRERAS, on behalf of themselves and all other persons similarly situated, by and through their counsel, Peter A. Romero, Esq., complaining of the Defendants, allege as follows:

## NATURE OF THE CLAIM

1. This action is brought on behalf of Plaintiffs and a putative class of individuals who provided labor for Defendants, HYRDRO ENVIRONMENTAL CONTRACTING, CORP. d/b/a ENVIRO DRILLING & CONTRACTING INC., HYDRO TECH ENVIRONMENTAL, CORP., HYDRO TECH ENVIRONMENTAL ENGINEERING AND GEOLOGY, D.P.C., and/or other related entities (collectively referred to hereinafter as "HYDRO TECH"), to recover unpaid

1

overtime wages pursuant to federal and state statutes, as well as wages and benefits which Plaintiff and members of the putative class were contractually entitled to receive for work they performed on various Public Works Projects.

2. Plaintiffs bring this action to recover unpaid premium overtime wages under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), and the New York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL"), and to recover unpaid prevailing wages owed to Plaintiffs and similarly situated individuals as third-party beneficiaries of contracts entered into between Defendants and public entities.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391

6. Defendants do business in the State of New York, within the Eastern District of New York.

## THE PARTIES

7. The Plaintiff, JULIO GALARZA ("GALARZA"), is a resident of the County of Suffolk, State of New York.

8. At all times relevant to the complaint, Plaintiff GALARZA was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

9. Plaintiff GALARZA was employed by the Defendants from in or about 2014 until in or about March 2018.

10. The Plaintiff, VICTOR CONTRERAS ("CONTRERAS"), is a resident of the County of Suffolk, State of New York.

11. At all times relevant to the complaint, Plaintiff CONTRERAS was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

12. Plaintiff CONTRERAS was employed by the Defendants from in or about 2014 until in or about March 2018.

13. Defendant, HYRDRO ENVIRONMENTAL CONTRACTING, CORP., is a domestic business corporation with offices at 77 Arkay Drive, Hauppauge, New York.

14. Defendant, HYDRO TECH ENVIRONMENTAL, CORP., is a domestic business corporation with offices at 77 Arkay Drive, Hauppauge, New York.

15. Defendant, HYDRO TECH ENVIRONMENTAL ENGINEERING AND GEOLOGY, D.P.C., is a domestic professional corporation with offices at 77 Arkay Drive, Hauppauge, New York.

16. At all relevant times, HYDRO TECH, was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

17. At all times relevant, Defendant, HYDRO TECH, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

18. Defendant, MOSTAFA EL SEHAMY, is and/or was an officer or owner of HYRO TECH, had authority to make payroll and personnel decisions for HYRDO TECH, was active in the day to day management of the corporate defendants, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs, and is liable to Plaintiffs as an "employer" within the meaning of federal and state law for the unpaid wages they seek to recover.

19. Defendant, MARK E. ROBBINS, is and/or was an officer or owner of HYRO TECH, had authority to make payroll and personnel decisions for HYRDO TECH, was active in the day to day management of the corporate defendants, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs, and is liable to Plaintiffs as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiffs seek to recover.

20. Defendant, TAREK Z. KHOURI, is and/or was an officer or owner of HYRO TECH, has had authority to make payroll and personnel decisions for HYRDO TECH, was active in the day to day management of the corporate defendants, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs, and is liable to Plaintiffs as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiffs seek to recover.

## FACTS

21. Defendant, HYRDO TECH, is an environmental engineering firm that provides environmental site assessments, soil, groundwater and soil vapor investigations, HazMat surveys, spill remediation, and environmental cleanups. Plaintiffs provided manual labor for Defendant.

22. At all relevant times, HYRDO TECH contracted with governmental entities to provide services upon Public Works Projects.

23. Upon information and belief, the contracts for these Public Works Projects required that HYRDO TECH pay and ensure payment of the prevailing rates of wages and supplements to all workers furnishing labor on the sites of the Public Works Projects. Upon information and belief, the public works contracts also provided that any subcontracts that HYRDO TECH entered into contain language requiring the payment of prevailing rates of wages and supplements to all workers furnishing labor on the sites of the Public Works Projects.

24. As required by law, a schedule containing the prevailing rates of wages and supplemental benefits to be paid to the Plaintiffs should have been annexed to and formed as part of the public works contracts. If not annexed to the public works contracts, these schedules were expressly or impliedly incorporated into the contracts as a matter of law and/or public policy.

25. The promise to pay and ensure payment of the prevailing wage and supplemental benefit rate in the public works contracts was made for the benefit of all workers furnishing labor on the sites of the Public Works Projects and, as such, the workers furnishing labor on the sites of the Public Works Projects are the beneficiaries of that promise and the contracts entered into between Defendants and public entities.

26. Plaintiffs and similarly situated individuals have not received wages for all hours worked at the rates required by the public works contracts.

27. As employees of Defendants who were assigned to work on Defendants' publicly financed projects, Plaintiffs and the putative members of the collective and class action were intended third-party beneficiaries of Defendants' public works contracts.

28. Defendants failed to pay Plaintiff and the putative collective and class action members at the appropriate prevailing wage rates for their publicly financed contracts.

29. Throughout his employment with HYDRO TECH, Plaintiff GALARZA regularly worked in excess of forty hours per week. Plaintiff arrived at Defendant's garage each day at 4:30 a.m, He usually arrived at the job sites, variously located throughout Manhattan, Brooklyn, Queens, Staten Island and Long Island, between 6:30 a.m. and 8:00 a.m. The time that Plaintiff finished work varied each day, as did the number of hours that Plaintiff worked each week. Plaintiff often did not leave the job site until after 5:00 p.m. and did not return to the garage until after 7:00 p.m.

30. Throughout his employment with HYDRO TECH, Plaintiff CONTRERAS regularly worked in excess of forty hours per week. Plaintiff arrived at Defendant's garage each day at 5:00 a.m, He usually arrived at the job sites, variously located throughout Manhattan, Brooklyn, Queens, Staten Island and Long Island, between 6:30 a.m. and 8:00 a.m. The time that Plaintiff finished work varied each day, as did the number of hours that Plaintiff worked each week. Plaintiff often did not leave the job site until after 5:00 p.m. and did not return to the garage until after 7:00 p.m.

31. Plaintiffs worked more than forty hours in most workweeks in which they were employed by the Defendants, but they were not paid overtime compensation for the hours they worked after forty hours per week.

32. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the actual hours worked by Plaintiffs daily and weekly.

33. Defendants failed to provide Plaintiffs with a notice and acknowledgement of their wage rate upon Plaintiff's hire as required by Labor Law §195.

34. Defendants made unlawful deductions to the wages of Plaintiff CONTRERAS, ostensibly for equipment or tools that were lost or damaged, in violation of Labor Law §193.

## COLLECTIVE ACTION ALLEGATIONS

35. At all times relevant, Plaintiffs and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

36. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

37. Plaintiff seeks to proceed as a collective action with regard to the First Claim and Second Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendants, at any time during the three (3) years prior to the filing of their respective consent forms.

38. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully

deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## CLASS ACTION ALLEGATIONS

39. Plaintiffs bring claims on behalf of themselves and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants as manual laborers at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

40. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

41. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants as manual laborers at any time during the six (6) years prior to the filing of this Complaint.

42. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

43. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    (a)    Whether Defendants failed and/or refused to pay the Plaintiff and Class Members the appropriate prevailing wage rates and supplemental benefit rates for labor they performed on Public Works Projects;

    (b)    Whether Defendants failed and/or refused to pay the Plaintiff and Class Members premium overtime compensation for hours worked in excess of forty hours in a single workweek;

    (c)    Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and Class Members;

    (d)    whether Defendants failed to furnish the Plaintiff and Class Members with a notice of wage rate upon their hire;

    (e)    whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay was done willfully and/or with reckless disregard of the federal and state wage and hour laws;

    (f)    whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiff and the Class;

    (g)    whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

    (h)    what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

44. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

45. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

46. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

47. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

48. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

49. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

50. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class

actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT)

51. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

52. Defendants employed Plaintiffs and persons similarly situated to Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

53. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

54. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

55. As a result of Defendants' unlawful acts, Plaintiffs and persons similarly situated to Plaintiffs are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW UNPAID OVERTIME WAGES

56. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

57. Defendants employed Plaintiffs and Class Members for workweeks longer than forty (40) hours and failed to compensate the Plaintiffs and Class Members for hours worked in

excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

58. By defendants' failure to pay Plaintiffs and Class Members overtime wages for hours worked in excess of 40 hours per week, Defendants violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

59. Defendants' violations of the New York Labor Law as described in this Complaint have been willful and intentional.

60. Due to Defendants' violations of the New York Labor Law, Plaintiffs and Class Members are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### BREACH OF CONRACT AS THIRD-PARTY BENEFICIARIES

61. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

62. Defendants entered into contracts with one or more third parties to provide services on Public Works Projects for which Plaintiffs and Class Members provided labor.

63. Defendants agreed as part of such contracts and/or as a matter of law were required by such contracts to pay Plaintiffs and Class Members a "prevailing wage."

64. Plaintiffs and Class Members were third-party beneficiaries of the contracts entered into by Defendants.

65. Defendants breached the Public Works contracts in that they failed to pay Plaintiffs and Class Members the prevailing wages for all labor performed on the Public Works and that

Plaintiffs and Class Members did not receive the monies they were due as third-party beneficiaries of the contracts.

66.   Defendants are liable to Plaintiffs and Class Members for damages based upon an accounting of the wages the Plaintiffs and Class Members were paid and the wages they were entitled to be paid as third-party beneficiaries of the contracts.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF NEW YORK LABOR LAW SECTION 195

67.   Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

68.   Defendants failed to provide Plaintiffs and Class Members with a written notice upon hire regarding their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Section 195 of the Labor Law.

69.   Due to defendant's failure to provide Plaintiffs and Class Members with the notice and statement required by Section 195 of the Labor Law, Plaintiffs and Class Members are entitled to damages.

## FIFTH CLAIM FOR RELIEF
## VIOLATION OF LABOR LAW SECTION 193

70.   Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

71.   Labor Law §193 prohibits employers from making any deductions from wages, except as required by law or regulation, or authorized by the employee for the employee's benefit.

72.   Defendants made deductions to Plaintiff's wages in violation of Labor Law §193.

73.   The deductions made by Defendants were for the benefit of the Defendants.

74. By making deductions to Plaintiffs' wages, Defendants violated NYLL §193 and 12 NYCRR §142-2.10. Plaintiff has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(iii) Unpaid wages pursuant to Labor Law §650 et seq., and Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iv) Unpaid prevailing wages and supplemental benefits;

(v) Damages pursuant to Labor Law §195;

(vi) Damages for violation of Labor Law §193;

(vii) Certification of a class action pursuant to Fed.R.Civ.P. 23;

(viii) All attorneys' fees and costs incurred in prosecuting these claims; and

(ix) Such other relief as this Court deems just and proper.

Dated: Babylon, New York
March 6, 2018

                            LAW OFFICE OF PETER A. ROMERO PLLC

By: /s/ Peter A. Romero
Peter A. Romero, Esq.
103 Cooper Street
Babylon, NY 11702
(631) 257-5588
Promero@RomeroLawNY.com

*Attorney for Plaintiffs*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Hydro Environmental Contracting Corp. and Enviro Drilling and Contracting, Inc. to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_____   _2-27-2018_
Julio Galarza                                          Date

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Hydro Environmental Contracting Corp. and Enviro Drilling and Contracting, Inc. to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_____           _27.02.18_____
Victor Contreras                                    Date