

November 4, 2019

*Via ECF*
Hon. Arthur D. Spatt
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  Re: *Julio Galarza, et al. v. Hydro Environmental Contracting Corp., et al.*
     Docket No.: 18-cv-01380 (ADS) (ARL)

Dear Judge Spatt:

  This firm represents the Plaintiffs, Julio Galarza, Victor Contreras, Silvestre Castillo, Gilberto Ubilluz, Jose Ramirez, Miguel Vasquez, and Rodolfo Cuadros, and opt-in Plaintiffs Javier Galindo Gutierrez and Efrain Hernandez (collectively as "Plaintiffs"), in the above-referenced action, in which Plaintiffs assert claims against Defendants Hydro Environmental Contracting, Corp. d/b/a Enviro Drilling & Contracting Inc., Hydro Environmental Corp., Hydro Tech Environmental Engineering and Geology, D.P.C., Mark E. Robbins, Tarek Z. Khouri (collectively "Hydro Tech Defendants"), Defendant Haks Engineers, Architects and Land Surveyors, D.P.C. ("Haks"), and Defendant Mostafa El Sehamy ("El Sehamy") (Hydro Tech Defendants and El Sehamy together as "Defendants" or "Company") (Plaintiffs, Defendants and Haks together as the "Parties"). In their Complaint, Plaintiffs bring claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), breach of contract as third-party beneficiaries for failure to pay prevailing wage compensation, failure to provide wage notices at their times of hire pursuant to NYLL § 195(1), failure to provide accurate wage statements pursuant to NYLL § 195(3), and with respect to Plaintiff Contreras only, for unlawful deductions from wages as prohibited by NYLL § 193. The Parties have reached a resolution of this matter. Accordingly, Plaintiffs now submit this joint motion for approval, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), to respectfully request that the Court approve the terms of the Parties' settlement agreement with respect to Plaintiffs' FLSA claims. (The parties do not seek the Court's approval with respect to the settlement of Plaintiffs' non-FLSA claims as there is no requirement for the Court to do so.) A copy of the Parties' settlement agreement is attached hereto as Exhibit A. Plaintiffs have also attached a declaration by opt-in Plaintiff Efrain Hernandez affirming his signature of the settlement agreement in lieu of notarization, which is submitted as a signed declaration in Spanish with a copy of the declaration in English for the Court's reference.

## Procedural History

On March 6, 2018, Plaintiff Galarza filed his Complaint, D.E. 1, and Defendants subsequently filed Answers to that Complaint. D.E. 24-25, 28. Thereafter, several opt-in Plaintiffs joined this action. On June 12, 2018, Plaintiffs filed an Amended Complaint to add several opt-in Plaintiffs as named Plaintiffs and add certain Defendants, D.E. 29, and Defendants subsequently filed Answers to that Amended Complaint. D.E. 39-40. On June 14, 2018, Plaintiffs filed their motion for conditional certification of a collective action under the FLSA. D.E. 31. Plaintiffs and Defendants subsequently entered into a stipulation for a collective action under the FLSA and distributed notice. D.E. 45-46. Following distribution of this notice, three additional individuals joined this action as opt-in Plaintiffs.

On September 21, 2018, Defendant Haks filed a motion to dismiss Plaintiffs' claims against that Defendant, D.E. 60, which Plaintiffs subsequently opposed and filed a cross-motion to amend Plaintiffs' Complaint. D.E. 66-69, 78. The Parties resolved this matter before a decision was rendered on these motions and, as a result, the Court dismissed these motions as moot. D.E. 87, 91.

During the course of this action, the Parties exchanged certain written and document discovery, including time and compensation records relating to the Plaintiffs' employment. Based on this discovery and their anticipated testimony, Plaintiffs were able to assess and precisely calculate the amount of their respective damages in this action. The Parties also engaged in sufficient discovery to assess the merits and defenses in this matter prior to mediation.

On June 7, 2019, the parties engaged in a successful full-day mediation before Martin F. Scheinman, Esq., an experienced and well-respected mediator in the wage and hour and employment law field. Following contentious, arms'-length negotiations, the Parties were able to reach a resolution of this action at that mediation. The settlement agreement between the Plaintiffs and Defendants provides for payment of a sum of $420,000, inclusive of attorneys' fees and costs. Pursuant to the settlement, Plaintiffs will receive $283,890.62 and Plaintiffs' counsel will receive a total sum of $136,109.38, consisting of $131,445.31 for attorneys' fees (i.e. 31.6 percent of the net settlement amount after deducting costs from the gross settlement amount) and $4,664.07 for litigation expenses. Under the parties' settlement agreement, the Hydro Tech Defendants will be responsible for paying 1/3 of the settlement sum and Defendant El Sehamy will be responsible for paying 2/3 of the settlement sum. The settlement is secured by confessions of judgment signed by Defendants in the event of a default.

## The Court Should Approve the Settlement Agreement as Fair and Reasonable

FLSA claims may be dismissed with prejudice under Fed. R. Civ. P. 41 if they are approved by the Court. Cheeks, 796 F.3d at 206-207. "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." Hernandez v. Merrill Lynch & Co., 2013 WL 1209563, at *7 (S.D.N.Y. Mar. 21, 2013) (citations omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." Id. (citation omitted). Furthermore,

"[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." Id.

In evaluating a proposed settlement of FLSA claims, courts in this Circuit typically apply the five-factor test articulated in Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The Wolinsky factors require consideration of the following factors: (1) the Plaintiffs' range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. Id.

In this case, Plaintiffs contend that they worked for Defendants as non-exempt laborers who performed a variety of tasks, including, *inter alia*, soil drilling, air monitoring, and water sampling. Plaintiffs allege that they worked five to six days per week and commonly worked well in excess of forty hours per week. Plaintiffs contend that they were paid their respective straight-time rates of pay, not their required overtime rates of pay, for certain hours worked in excess of forty each week, including certain hours for time spent traveling between Defendants' yard and work sites. Plaintiffs also contend that they were not paid at any rate of pay for certain hours worked each week, which includes hours worked in excess of forty each week. Thus, Plaintiffs assert that they were often not paid overtime compensation at time and one-half their regular rates of pay for each hour worked in excess of 40 per week under the FLSA.

Critically, the Parties have several key disputes that impact the amount of recovery and liability in this lawsuit. Defendants dispute the number of hours worked by Plaintiffs. Defendants also contend that Plaintiffs were paid properly for all hours worked under the FLSA. In support of this position, Defendants have produced time and compensation records relating to Plaintiffs' employment, which would create challenges for Plaintiffs to overcome at trial with respect to their hours worked and compensation paid. However, Plaintiffs allege that Defendants' time records are inaccurate. Due to this dispute, Plaintiffs must establish that they worked certain hours off the clock without compensation at trial. Plaintiffs' allegations that they performed work off the clock without compensation inherently requires credibility determinations between the Plaintiffs and Defendants, making it difficult for any party to predict the resolution of those claims at trial. Defendants also deny that Plaintiffs are entitled to liquidated damages under the FLSA, even if Plaintiffs were successful at trial. Defendant Haks denies that it employed Plaintiffs and contends it is not liable for any violations under the FLSA. Thus, the Parties' respective positions evince substantial risks for all parties at trial which could impact the amount of Plaintiffs' recovery and could result in a loss at trial by either party.

Plaintiffs have calculated their precise damages, based on the discovery in this matter and their anticipated testimony were this matter to proceed, in order to assess their best possible recovery in this litigation. Making all reasonable assumptions in their favor, Plaintiffs' best potential recovery under the FLSA at trial amounts to $304,320.57 for unpaid FLSA wages and $304,320.57 for FLSA liquidated damages.

Settling at this stage allows the Parties to avoid substantial costs and delays. Indeed, were a settlement not reached at this stage, the Parties would have engaged in full formal written and document discovery, depositions of Plaintiffs, Defendants, and likely several non-party witnesses. This settlement also avoids potential partial summary judgment motion practice by either party and trial, which would result in a months' or years' long delay to obtaining a recovery for the Plaintiffs even if they are successful at trial, and the Parties could potentially face future appeals. Moreover, all Parties face the risk of losing at trial, either in whole or in part. Indeed, if Plaintiffs were to succeed on liability but Defendants could prove that they made a good faith effort to comply with the FLSA, Plaintiffs would not be entitled to liquidated damages under the FLSA, reducing Plaintiffs' available FLSA damages by half to $304,320.57. This would be reduced further should Plaintiffs not prevail on the issue of willfulness as the FLSA statute of limitations would be reduced to two, rather than three, years. This would reduce Plaintiffs' unpaid FLSA overtime compensation to just $217,000.46. Thus, by settling at this stage, Plaintiffs ensure that they will receive a recovery in this matter. Further, Plaintiffs' award under the settlement permits them to recover nearly all of their unpaid FLSA overtime compensation, even after deducting for costs and attorneys' fees.

Accordingly, although there is a possibility that Plaintiffs could recover higher damages if the case proceeded to trial, there is also the possibility that they could receive much lower damages, or nothing at all, and as such, the risks and uncertainties discussed above are substantial. Thus, assuming this settlement is approved, Plaintiffs will be able to recover the settlement funds more expeditiously, and with more certainty, than a trial judgment.

Additionally, the settlement here was reached only after the parties engaged in document discovery pertaining to the Plaintiffs that provided them with a clear assessment of their available damages, contentious, arms'-length settlement discussions, and mediation with the assistance of an experienced mediator. Indeed, the presence of a mediator "provides assurance that the settlement was not the product of collusion." Bilbao v. LCS Enters. Inc., 2018 WL 1399199, at *2 (S.D.N.Y. Mar. 19, 2018); see also Hernandez v. Anjost Corp., 2013 WL 4145952, at *2 (S.D.N.Y. Aug. 14, 2013) ("The assistance of an experienced mediator . . . reinforces that the Settlement Agreement is non-collusive."); Morris v. Affinity Health Plan, Inc., 859 F. Supp. 2d 611, 618-619 (S.D.N.Y. 2012) (citing In re Giant Interactive Grp., Inc. Sec. Litig., 279 F.R.D. 151, 159-160 (S.D.N.Y. 2011)) (explaining parties entitled to a presumption of fairness where mediator facilitated arms-length settlement). Accordingly, the settlement achieved clearly reflects an arms'-length negotiation absent from fraud or collusion and is a reasonable compromise over the contested issues in this matter.

Furthermore, the settlement agreement does not contain any terms that would militate against the Court approving it. For instance, the release in the Settlement Agreement is limited to the wage-related claims that Plaintiffs asserted in this action. The release does not fall into the category of releases that are so broad and encompassing as to be rejected because they run afoul of standards of fairness and reasonableness. See Flood v. Carlson Rests. Inc., 2015 WL 4111668, at *1-2 (S.D.N.Y. July 6, 2015); Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. March 30, 2015) (prohibiting releases that "purport to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues" but notes additional claims may be released

in appropriate circumstances); Cheeks, 796 F.3d at 206 (noting judicial approval of settlements is necessary to avoid an "overbroad release" that waives all possible claims and to prevent potential abuse or overreach in settlements). Here, the release is narrowly tailored to release only claims relevant to the instant action. Likewise, the agreement does not contain a confidentiality clause that may "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." Flood, 2015 WL 4111668, at *1 (citing Lopez, 96 F. Supp. 3d at 177-181); Cheeks, 796 F.3d at 206 (quoting Lopez, 96 F. Supp. 3d at 177) (noting judicial approval of settlements is necessary to prevent "'highly restrictive confidentiality provisions…in strong tension with the remedial purposes of the FLSA'"); Cortes v. New Creators, Inc., 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) (citing Lopez, 96 F. Supp. 3d at 177-181).

### The Court Should Approve the Requested Attorneys' Fees and Costs as Reasonable

In addition to assessing the reasonableness of the settlement award, most courts since *Cheeks* have found that courts "must also assess the reasonableness of any attorneys' fee award." Velasquez v. SAFI-G, Inc., 137 F. Supp. 3d 582, 585 (S.D.N.Y. Oct. 7, 2015) (citing Wolinsky, 900 F. Supp. 2d at 336). When courts examine attorneys' fee awards in FLSA settlements, it is "to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citing Wolinsky, 900 F. Supp. 2d at 336).

In this case, the portion of the settlement amount attributable to attorneys' fees is $131,445.31, which amounts to 31.6 percent of the net settlement amount after deducting costs from the gross settlement amount. Plaintiffs' counsel's request that the Court approve fees of 31.6 percent of the net settlement amount, which is less than 1/3 of the settlement amount, is "consistent with the trend in this Circuit." Tiro v. Public House Investments, LLC, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (collecting cases); Kochilas v. Nat'l Merchant Servs., Inc., 2015 WL 5821631, at *8 (E.D.N.Y. Oct. 2, 2015) (collecting cases). Courts in this Circuit routinely approve attorney's fees awards in the amount of one-third of the total settlement. See McDaniel v. City of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010) (noting that the percentage of recovery method is "the trend in this Circuit."); see also Meza v. 317 Amsterdam Corp., 2015 WL 9161791, at *2 (S.D.N.Y. Dec 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.") (collecting cases); Cregg v. Firstservice Residential N.Y., Inc., Docket No. 15-cv-3876-LB, D.E. 14 at *4-5 (E.D.N.Y. Dec. 09, 2015) (approving one-third attorneys' fees award as "the norm in this Circuit"); Najera v. Royal Bedding Co., LLC, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) (collecting cases); Calle v. Elite Specialty Coatings Plus, Inc., 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) ("[O]ne-third contingency fee is a commonly accepted fee in this Circuit."); Rangel v. 639 Grand St. Meat & Produce Corp., 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery, plus costs). Thus, an attorneys' fee of less than one-third of the recovery is appropriate in a case where, as here, Plaintiffs' counsel's fee entitlement is entirely contingent upon success of a settlement or award. See Massiah v. MetroPlus Health Plan, Inc., 2012 WL 5874655, at *8 (S.D.N.Y. Nov. 20, 2012) (collecting cases) (one-third recovery is "presumptively reasonable" where "Counsel's fee entitlement is entirely contingent upon success").

Here, Plaintiffs' counsel investigated the Plaintiffs' claims, conducted an in-depth and detailed inquiry regarding Plaintiffs' job duties, exempt status, work hours and compensation received, commenced this action, engaged in motion practice seeking conditional certification of a collective action under the FLSA and regarding Defendant Haks' motion to dismiss the Amended Complaint, exchanged written and document discovery, created a detailed assessment of Plaintiffs' damages, attended a mediation, and negotiated a settlement. Due to the contingent nature of the case, Plaintiffs' counsel undertook these efforts with no ultimate guarantee of compensation. Plaintiffs' counsel was zealous in the pursuit of Plaintiffs' litigation objectives and secured a favorable result on the Plaintiffs' behalf. The settlement will be made available to the Plaintiffs without the uncertainty and delay of trial.

Lastly, Plaintiffs' counsel seeks reimbursement for $4,664.07 in advanced litigation costs. These costs cover expenses for the filing fee ($400.00), service of the Complaint ($554.40), service of the Amended Complaint ($210.00), mailing of the FLSA notices ($33.00), and Plaintiffs' share of the mediator's fee ($3,466.67). Copies of invoices for these litigation expenses are available upon request.

Accordingly, Plaintiffs' counsel's request for attorneys' fees in the amount of $131,445.31 and expenses in the amount of $4,664.07 should be approved as reasonable.

## Conclusion

In light of the foregoing, the Parties respectfully request that the Court approve their settlement and dismiss this matter with prejudice with respect to the Plaintiffs' claims, while maintaining jurisdiction to enforce the terms of the settlement. See Exhibit A. The Parties have submitted a copy of a Proposed Stipulation and Order of Dismissal with Prejudice with their Settlement Agreement with respect to Plaintiffs' claims. See Exhibit A.

Respectfully submitted,

_____
DAVID D. BARNHORN, ESQ.

C: All Counsel of Record *via* ECF