UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

JULIO GALARZA, VICTOR CONTRERAS,
SILVESTRE CASTILLO, GILBERTO UBILLUZ,
JOSE RAMIREZ, MIGUEL VASQUEZ, and
RODOLFO CUADROS, on behalf of themselves and all
other persons similarly situated,

Docket No.: 18-cv-01380
(ADS) (ARL)

Plaintiffs,

-against-

HYDRO ENVIRONMENTAL CONTRACTING,
CORP d/b/a ENVIRO DRILLING & CONTRACTING
INC., HYDRO TECH ENVIRONMENTAL CORP.,
HYDRO TECH ENVIRONMENTAL ENGINEERING
AND GEOLOGY, D.P.C., MOSTAFA EL SEHAMY,
MARK E. ROBBINS, TAREK Z. KHOURI,
HAKS ENGINEERS, ARCHITECTS AND LAND
SURVEYORS, D.P.C. and LANGAN ENGINEERING
AND ENVIRONMENTAL SERVICES, INC.,

Defendants.

------------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and among Plaintiffs JULIO GALARZA, VICTOR CONTRERAS, SILVESTRE CASTILLO, GILBERTO UBILLUZ, JOSE RAMIREZ, MIGUEL VASQUEZ, and opt-in Plaintiffs JAVIER GALINDO GUTIERREZ and EFRAIN HERNANDEZ (collectively as "Plaintiffs"), and Defendants HYDRO ENVIRONMENTAL CONTRACTING, CORP d/b/a ENVIRO DRILLING & CONTRACTING INC., HYDRO TECH ENVIRONMENTAL CORP., HYDRO TECH ENVIRONMENTAL ENGINEERING AND GEOLOGY, D.P.C., MARK E. ROBBINS, TAREK Z. KHOURI (collectively "Hydro Tech Defendants"), Defendant HAKS ENGINEERS, ARCHITECTS AND LAND SURVEYORS, D.P.C. ("Haks"), and Defendant MOSTAFA EL SEHAMY ("El Sehamy") (Hydro Tech Defendants and El Sehamy together as "Defendants" or "Company") (Plaintiffs, Defendants and Haks together as the "Parties").

**WHEREAS**, a dispute has arisen regarding Plaintiffs' employment and the terms thereof, which has resulted in the filing of an action in the United States District Court for the Eastern District of New York, styled as *JULIO GALARZA, VICTOR CONTRERAS, SILVESTRE CASTILLO, GILBERTO UBILLUZ, JOSE RAMIREZ, MIGUEL VASQUEZ, and RODOLFO CUADROS, on behalf of themselves and all other persons similarly-situated v. HYDRO ENVIRONMENTAL CONTRACTING, CORP d/b/a ENVIRO DRILLING & CONTRACTING INC., HYDRO TECH ENVIRONMENTAL CORP., HYDRO TECH ENVIRONMENTAL ENGINEERING AND GEOLOGY, D.P.C., MOSTAFA EL SEHAMY, MARK E. ROBBINS, TAREK*

1

*Z. KHOURI, HAKS ENGINEERS, ARCHITECTS AND LAND SURVEYORS, D.P.C., and LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC.,* E.D.N.Y. Docket No.: 18-cv-01380 (ADS) (ARL) (the "Action"), alleging, among other things, violations of federal and state wage and hour laws pertaining to overtime, breach of contract as third-party beneficiaries for failure to pay prevailing wage compensation, failure to provide wage notices at their times of hire pursuant to NYLL § 195(1), failure to provide accurate wage statements pursuant to NYLL § 195(3), and with respect to Plaintiff Victor Contreras only, for unlawful deductions from wages as prohibited by NYLL § 193; and

**WHEREAS**, the parties desire to fully and finally resolve all disputes between them without the necessity of further litigation;

**NOW, THEREFORE, IT IS STIPULATED AND AGREED AS FOLLOWS:**

1.  **Consideration:**

In consideration of the execution of this agreement and the covenants and promises herein contained herein, including the release of all wage and hour claims against the Defendants and Haks as set forth in Paragraph 4 below, and in full final and complete settlement, and provided that the Agreement is approved by the Court and the Dismissal Order is so ordered by the Court (See Exhibit "B" hereto), it is hereby agreed that the Defendants will provide Plaintiffs with settlement payments in the total amount of Four Hundred Twenty Thousand Dollars and Zero Cents ($420,000.00), inclusive of Plaintiffs' counsels' attorneys' fees, expenses and costs (hereinafter the "Settlement Sum"), as follows:

a.  Defendants shall pay the Settlement Sum in installment payments as set forth in Exhibit A. The first set of installment payments representing fifty (50) percent of the total Settlement Sum shall be delivered to Plaintiffs' counsel, as described in Paragraph 1(d), within 14 days of the Court's approval of this Settlement Agreement. The second set of installment payments representing twenty-five (25) percent of the total Settlement Sum shall be delivered to Plaintiffs' counsel, as described in Paragraph 1(e), within six months of the date the first installment payment becomes due. The third set of installment payments representing twenty-five (25) percent of the total Settlement Sum shall be delivered to Plaintiffs' counsel, as described in Paragraph 1(d), within six months of the date the second installment payment becomes due.

b.  Prior to issuing the first installment payment, each Plaintiff must provide Defendants with an executed IRS Form W4 and W9, and Plaintiffs' counsel must provide an executed W9. Defendants shall issue payment as set forth in paragraphs 1(a) and Exhibit "A" for each Plaintiff who provides an executed IRS Form W4 and W9 (and Plaintiffs' counsel's W9), and will hold each Plaintiff's respective payment in escrow until such time as they provide same.

c.  Defendants shall issue the Plaintiffs their respective IRS Form W-2 for that portion of installment payments from which taxes or deductions will be withheld and IRS Form 1099 for that portion of installment payments from which no taxes or deductions will be withheld as described in Exhibit A.

d. A portion of the Settlement Sum shall be paid to Plaintiffs' attorneys in this action, as set forth in Exhibit "A" hereto. That portion of the Settlement Sum shall be paid by checks payable to "Law Office of Peter A. Romero PLLC" in installment payments totaling $136,109.38, consisting of $131,445.31 for attorneys' fees and $4,664.07 for litigation expenses, from which no taxes or deductions will be withheld. Defendants shall issue Plaintiffs and the Law Office of Peter A. Romero PLLC an IRS Form 1099 with respect to such payments.

e. All settlement payments shall be delivered to the Law Office of Peter A. Romero PLLC, 825 Veterans Highway, Suite B, Hauppauge, NY 11788; and

f. Plaintiffs agree that they are solely responsible for any applicable taxes, penalties, interest, or other amounts due in connection with the payment of any sum pursuant to IRS Form 1099, except for any employer payroll taxes and deductions from any portion of this settlement that may be deemed to be wages by any Court or taxing authority.

g. Plaintiffs further agree that if any claim is asserted against Defendants, by any taxing authority with respect to the payments provided for herein, Plaintiffs shall each hold harmless and indemnify Defendants from any cost, loss, liability, expense, fine and penalty, and attorneys' fees arising from any of the payments set forth herein, and/or to the extent of withholdings from same; provided however that Plaintiffs shall bear no responsibility for or in connection with the failure of Defendants to make any employer's contributions to payroll taxes.

2. **Allocation of payments between Defendants:** Of the Settlement Sum to be paid to the Plaintiffs and Plaintiffs' attorneys, the Hydro Tech Defendants and Defendant El Sehamy, amongst themselves, have agreed to apportion each installment payment based on their respective negotiated allocation. Specifically, two-thirds (2/3s) of the Settlement Sum (and each installment payment), plus any additional costs, expenses and taxes thereon (to the extent applicable), shall be paid by Defendant El Sehamy. The remaining one-third (1/3) of the Settlement Sum (and each installment payment) shall be paid by the Hydro Tech Defendants. All Parties acknowledge that no portion of the Settlement Sum shall be due and owing by Defendant Haks, and the action is dismissed with prejudice as against them (See Exhibit "B").

3. **Motion for Approval and Stipulation of Dismissal:** Within five (5) business days after the date all parties execute this Agreement, and counsel execute the Stipulation and Proposed Order Approving FLSA Settlement Dismissing Action with Prejudice (See Exhibit "B"), Plaintiffs' counsel will file this Agreement, and motion requesting approval of same.

4. **Release and Covenant Not To Sue by Plaintiffs Against Defendants and Haks:** In consideration for the foregoing, the Plaintiffs, on behalf of themselves and their dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents, do hereby knowingly, voluntarily, unconditionally and irrevocably waive, release and forever discharge the Defendants and Haks, and each and every one of their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, trustees, employees, agents, shareholders, administrators, representatives, attorneys, insurers or fiduciaries, past,

3

present or future, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, arising solely under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, as amended, and related regulations, and the New York Labor Law and related regulations promulgated by the New York State Commissioner of Labor, for alleged unpaid wages, unpaid overtime compensation, failure to provide required wage statements, failure to provide a wage notice at their times of hire, liquidated damages, breach of contract as third-party beneficiaries for failure to pay prevailing wage compensation, interest related to these wages, costs, penalties and attorneys' fees in connection with these claims, and the Action, from the beginning of Plaintiffs' employment with Defendants to the date of Plaintiffs' execution of this Agreement, except for any claims arising out of this Agreement.

5. **Release and Covenant Not To Sue between Hydro Tech Defendants and Sehamy:** Recognizing that the Hydro Tech Defendants and El Sehamy both interposed cross-claims against one another in this action seeking indemnification from one another, in the event that liability is found is this action, as a material part of this Agreement, the Hydro Tech Defendants and El Sehamy, along with their agents, executors, administrators, personal representatives, heirs, successor, any future estates, assigns and beneficiaries, hereby fully release one-another from those claims for indemnification in the Action, except for any claims arising out of this Agreement, including the obligation of the Hydro Tech Defendants and El Sehamy to pay their proportionate share of the Settlement Sum. In the event such an action must be brought to enforce the terms of this Agreement, the prevailing party shall be entitled to their reasonable attorneys' fees and costs.

6. **Confessions of Judgment:** Concurrently with the execution of this Agreement, Defendants shall provide Plaintiffs' counsel with executed Affidavits of Confession of Judgment in the amount equal to one-hundred fifty (150%) of the Settlement Sum (i.e. amounting to a total of $630,000.00), in the form attached as Exhibits "C" and "D," bearing original signatures, which shall be held in escrow by Plaintiffs' counsel. In the event Defendants default in any of the payments required under Paragraph 1 of this Agreement, Plaintiffs shall provide written notice via email and first class mail to Defendants' counsel of their intent to file the Affidavits of Confession of Judgment. Defendants will have ten (10) days to remedy their default before Plaintiffs file the Affidavits of Confession of Judgement, crediting Defendants for any payments made. Upon complete satisfaction of all payments set forth in Paragraph "1," the Affidavits of Confession of Judgment will be deemed null and void, and Plaintiffs' counsel will return or destroy the original Affidavits of Confession of Judgment to Defendants' counsel, and retain no copies of same.

7. **No Admission of Wrongdoing:** This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants or Haks of any liability whatsoever, or of any violation of any statute, regulation, common law claim, duty, contract, right or order.

8. **Acknowledgments:**

a.     Plaintiffs acknowledge that they have been fully and fairly represented by counsel in this matter.  Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

b.     The Parties acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement.

c.     Each Plaintiff is competent to affect a knowing and voluntary release of claims as contained herein, and to enter into this Agreement.  Each Plaintiff is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired.  To the extent any of the Plaintiffs' first language is not English, a translated copy of this Agreement has been provided to them and/or explained to them, in consultation with their Attorneys.  Each Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Defendants and Haks from any claims by or relating to each Plaintiff.

9.     **Governing Law:**  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall immediately become null and void, except for the release provision, and then the remainder of this Agreement will remain in full force and effect.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York or the Supreme Court of the State of New York, Counties of Nassau and Suffolk, in any subsequent proceeding to enforce this Agreement.  Subject to the Court's approval, the presiding Court shall retain jurisdiction over any dispute arising out of this settlement agreement.

10.     **Interpretation:**  This Agreement shall be deemed to have been jointly drafted, and no provision herein shall be interpreted or construed for or against any party because such party drafted or requested such provision, or this Agreement as a whole, or because any language is deemed ambiguous.

11.     **Breach:**  In any action or proceeding to enforce this agreement in the event of a breach by any party of any provision, the prevailing party in any such action shall be entitled to costs and disbursements and reasonable attorneys' fees related to such an action.  As such, the prevailing party shall be permitted to make an application to the court for costs and disbursements and reasonable attorneys' fees, which shall be awarded in amounts deemed appropriate by the court.  The prevailing party in such a dispute shall also be entitled to recover their reasonable attorneys' fees, costs, and disbursements related to preparing and filing their application for attorneys' fees and costs.

12.    **Sole and Entire Agreement:**  This Agreement sets forth the entire agreement between the parties in this matter and fully supersedes any and all prior agreements or understandings pertaining to this matter whether oral or written which may have existed between the parties.  There are no representations, warranties, understandings or agreements other than those expressly set forth in this Agreement.

13.    **Modification:**  This Agreement may not be modified, altered or changed except by a writing signed by all Parties.

14.    **Counterparts:**  To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  Photocopied and PDF copies of this agreement and any counterparts shall be deemed originals for all purposes.

    **THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:


Dated:        October 1, 2019


_____
                                                JULIO GALARZA


STATE OF NEW YORK        )
                                                       )s.s.
COUNTY OF  Suffolk        )


    On October 1st, 2019, before me personally came JULIO GALARZA, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC


ANGELICA VILLALBA
Notary Public, State of New York
No. 01VI6310014
Qualified in Nassau County
Commission Expires August 18, 2022

6

Dated:       October _1_, 2019

_____
GILBERTO UBILLUZ

STATE OF NEW YORK      )
                        )s.s.
COUNTY OF _Suffolk_   )

On _October 1st_, 2019, before me personally came GILBERTO UBILLUZ, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

ANGELICA VILLALBA
Notary Public, State of New York
No. 01VI6310014
Qualified in Nassau County
Commission Expires August 18, 20__

Dated:       October _1_, 2019

_____
JOSE RAMIREZ

STATE OF NEW YORK      )
                        )s.s.
COUNTY OF _Suffolk_   )

On _October 1st_, 2019, before me personally came JOSE RAMIREZ, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

ANGELICA VILLALBA
Notary Public, State of New York
No. 01VI6310014
Qualified in Nassau County
Commission Expires August 18, 20__

8

Dated:          October 1, 2019

_Victor Contreras_
**VICTOR CONTRERAS**

STATE OF NEW YORK          )
                           )s.s.
COUNTY OF  Suffolk         )

    On  October 1st , 2019, before me personally came VICTOR CONTRERAS, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

ANGELICA VILLALBA
Notary Public, State of New York
No. 01VI6310014
Qualified in Nassau County
Commission Expires August 18, 2022

Dated:          October 1, 2019

_Silvestre Castillo_
**SILVESTRE CASTILLO**

STATE OF NEW YORK          )
                           )s.s.
COUNTY OF  Suffolk         )

    On  October 1st , 2019, before me personally came SILVESTRE CASTILLO, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

ANGELICA VILLALBA
Notary Public, State of New York
No. 01VI6310014
Qualified in Nassau County
Commission Expires August 18, 2022

Dated: October 3, 2019

_____
MIGUEL VASQUEZ

STATE OF NEW YORK )
)s.s.
COUNTY OF Suffolk )

On October 3rd, 2019, before me personally came MIGUEL VASQUEZ, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

ANGELICA VILLALBA
Notary Public, State of New York
No. 01VI6310014
Qualified in Nassau County
Commission Expires August 18, 2022

Dated: October 1, 2019

_____
RODOLFO CUADROS

STATE OF NEW YORK )
)s.s.
COUNTY OF Suffolk )

On October 1st, 2019, before me personally came RODOLFO CUADROS, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

ANGELICA VILLALBA
Notary Public, State of New York
No. 01VI6310014
Qualified in Nassau County
Commission Expires August 18, 2022

9

Dated:          October 8, 2019

                                        _____
                                        JAVIER GALINDO GUTIERREZ

STATE OF NEW YORK          )
COUNTY OF Suffolk          )s.s.
                           )

     On October, 8th, 2019, before me personally came JAVIER GALINDO GUTTIERREZ, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

Karen O. Cruz
Notary Public, State of New York
01CR6389708
Certified in Suffolk County, Commission Expires Apr 01, 2023

Dated:          October 8, 2019

                                        _____
                                        EFRAIN HERNANDEZ

STATE OF _____       )
COUNTY OF _____    )s.s.
                            )

     On _____, 2019, before me personally came EFRAIN HERNANDEZ, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

Dated:          October __, 2019

                                           _____
                                           JAVIER GALINDO GUTIERREZ

STATE OF NEW YORK          )
                           )s.s.
COUNTY OF _____)


        On _____, 2019, before me personally came JAVIER GALINDO
GUTTIERREZ, to me known, and known to me to be the individual described in, and who
executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he
executed the same.

_____
NOTARY PUBLIC

Dated:          October ✓ 2019


STATE OF _____      )
                           )s.s.
COUNTY OF _____)


        On _____, 2019, before me personally came EFRAIN HERNANDEZ,
to me known, and known to me to be the individual described in, and who executed the foregoing
Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

10

Dated: ~~August~~ Oct __, 2019

HYDRO ENVIRONMENTAL
CONTRACTING, CORP d/b/a ENVIRO
DRILLING & CONTRACTING INC.

By: _____

Name: Tarek Khoeni

Title: President

STATE OF NEW YORK )
)s.s.
COUNTY OF Suffolk )

On Oct 2 , 2019, before me personally came Tarek Khoar, who acknowledged himself to be a President of HYDRO ENVIRONMENTAL CONTRACTING, CORP d/b/a ENVIRO DRILLING & CONTRACTING INC., and that he/she, as such, being authorized so to do, executed the foregoing Settlement and Release Agreement for the purposes therein contained, by signing his name for HYDRO ENVIRONMENTAL CONTRACTING, CORP d/b/a ENVIRO DRILLING & CONTRACTING INC.

_____
NOTARY PUBLIC

HUBERT G PLUMMER
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02PL4989146
Qualified in Nassau County
Commission Expires December 02, 2021

11

Dated: ~~August~~ Oct __, 2019

HYDRO TECH ENVIRONMENTAL
ENGINEERING AND GEOLOGY, D.P.C.
f/k/a HYDRO TECH ENVIRONMENTAL
CORP.

By: _____

Name: _Tarek V-hoeni_____

Title: _President_____

STATE OF NEW YORK )
)s.s.
COUNTY OF _Suffolk_____ )

On _Oct 2____, 2019, before me personally came _Tarek v-hoeni_ who
acknowledged himself to be a _President_____ of HYDRO TECH ENVIRONMENTAL
ENGINEERING AND GEOLOGY, D.P.C. f/k/a HYDRO TECH ENVIRONMENTAL CORP.,
and that he/she, as such, being authorized so to do, executed the foregoing Settlement and Release
Agreement for the purposes therein contained, by signing his name for HYDRO TECH
ENVIRONMENTAL ENGINEERING AND GEOLOGY, D.P.C. f/k/a HYDRO TECH
ENVIRONMENTAL CORP.

_____
NOTARY PUBLIC

HUBERT G PLUMMER
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02PL4989146
Qualified in Nassau County
Commission Expires December 02, 2021

12

Dated: ~~August~~ Oct 2, 2019

_____
MARK E. ROBBINS

STATE OF NEW YORK )
 )s.s.
COUNTY OF S.ffolk )

On Oct 2 _____, 2019, before me personally came MARK ROBBINS, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

┌─────────────────────────────────────┐
│ **HUBERT G PLUMMER** │
│ NOTARY PUBLIC, STATE OF NEW YORK │
│ Registration No. 02PL4989146 │
│ Qualified in Nassau County │
│ Commission Expires December 02, 2021 │
└─────────────────────────────────────┘

Dated: ~~August~~ Oct 2, 2019

_____
TAREK Z. KHOURI

STATE OF NEW YORK )
 )s.s.
COUNTY OF S.ffolk )

On Oct 2 _____, 2019, before me personally came TAREK Z. KHOURI, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

┌─────────────────────────────────────┐
│ **HUBERT G PLUMMER** │
│ NOTARY PUBLIC, STATE OF NEW YORK │
│ Registration No. 02PL4989146 │
│ Qualified in Nassau County │
│ Commission Expires December 02, 2021 │
└─────────────────────────────────────┘

13

Dated:        October 7, 2019

HAKS ENGINEERS, ARCHITECTS AND
LAND SURVEYORS, D.P.C.

By: _____

Name: Quaiser Hashmi, P.E.
 _____

Title: President and Chief Executive Officer
 _____

STATE OF NEW YORK )
 )s.s.
COUNTY OF NEW YORK )

On October 7 , 2019, before me personally came Quaiser Hashmi, PE who acknowledged himself to be a President & CEO of HAKS ENGINEERS, ARCHITECTS AND LAND SURVEYORS, D.P.C., and that he/she, as such, being authorized so to do, executed the foregoing Settlement and Release Agreement for the purposes therein contained, by signing his name for HAKS ENGINEERS, ARCHITECTS AND LAND SURVEYORS, D.P.C.

_____
NOTARY PUBLIC

TIFFANY J. MAYERS
Notary Public, State of New York
No. 01MA6183244
Qualified in Kings County
Commission Expires March 10, 2020

14

Dated:                 ~~August~~ 16, 2019
                       *Octob*

                                                    X  *M̶...̶(signature)*
                                                    ─────────────────────
                                                    MOSTAFA EL SEHAMY

STATE OF NEW YORK        )
                         )s.s.
COUNTY OF  Suffolk       )


   On  October 16  , 2019, before me personally came MOSTAFA EL SEHAMY,
to me known, and known to me to be the individual described in, and who executed the foregoing
Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

*(signature)*
─────────────────────
NOTARY PUBLIC

                                          JEFFREY S. ETTENGER
                                     NOTARY PUBLIC, State of New York
                                          No. 02ET6330294
                                        Qualified in Suffolk County
                                        Commission Expires

                                   15

# **Exhibit A**

Exhibit A

| | Payment 1: Pursuant to IRS Form W-2 | Payment 1: Pursuant to IRS Form 1099 | Payment 2: Pursuant to IRS Form W-2 | Payment 2: Pursuant to IRS Form 1099 | Payment 3: Pursuant to IRS Form W-2 | Payment 3: Pursuant to IRS Form 1099 | Total Payments Pursuant to IRS Form W-2 | Total Payments Pursuant to IRS Form 1099 | Total Payments |
|---|---|---|---|---|---|---|---|---|---|
| Julio Galarza | $8,338.04 | $8,338.03 | $4,169.02 | $4,169.02 | $4,169.01 | $4,169.02 | $16,676.07 | $16,676.07 | $33,352.14 |
| Victor Contreras | $5,786.33 | $5,786.32 | $2,893.16 | $2,893.16 | $2,893.16 | $2,893.16 | $11,572.65 | $11,572.64 | $23,145.29 |
| Silvestre Castillo | $16,532.94 | $16,532.95 | $8,266.47 | $8,266.47 | $8,266.48 | $8,266.48 | $33,065.89 | $33,065.90 | $66,131.79 |
| Gilberto Ubilluz | $5,522.68 | $5,522.68 | $2,761.35 | $2,761.34 | $2,761.33 | $2,761.33 | $11,045.36 | $11,045.35 | $22,090.71 |
| Jose Ramirez | $2,326.43 | $2,326.43 | $1,163.21 | $1,163.21 | $1,163.22 | $1,163.22 | $4,652.86 | $4,652.86 | $9,305.72 |
| Miguel Vasquez | $1,608.39 | $1,608.40 | $804.20 | $804.20 | $804.20 | $804.20 | $3,216.79 | $3,216.80 | $6,433.59 |
| Rodolfo Cuadros | $9,459.43 | $9,459.43 | $4,729.71 | $4,729.72 | $4,729.71 | $4,729.71 | $18,918.85 | $18,918.86 | $37,837.71 |
| Javier Galindo Gutierrez | $13,393.57 | $13,393.57 | $6,696.78 | $6,696.78 | $6,696.78 | $6,696.78 | $26,787.13 | $26,787.13 | $53,574.26 |
| Efrain Hernandez | $8,004.85 | $8,004.85 | $4,002.43 | $4,002.43 | $4,002.43 | $4,002.42 | $16,009.71 | $16,009.70 | $32,019.41 |
| Law Office of Peter A. Romero PLLC | $0.00 | $68,054.68 | $0.00 | $34,027.34 | $0.00 | $34,027.36 | $0.00 | $136,109.38 | $136,109.38 |
| **Totals** | $70,972.66 | $139,027.34 | $35,486.33 | $69,513.67 | $35,486.32 | $69,513.68 | $141,945.31 | $278,054.69 | $420,000.00 |

# **Exhibit B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JULIO GALARZA, VICTOR CONTRERAS,
SILVESTRE CASTILLO, GILBERTO UBILLUZ,
JOSE RAMIREZ, MIGUEL VASQUEZ, and
RODOLFO CUADROS, on behalf of themselves and all
other persons similarly situated,

            Docket No.: 18-cv-01380
            (ADS) (ARL)

                  Plaintiffs,

      -against-

HYDRO ENVIRONMENTAL CONTRACTING,
CORP d/b/a ENVIRO DRILLING & CONTRACTING
INC., HYDRO TECH ENVIRONMENTAL CORP.,
HYDRO TECH ENVIRONMENTAL ENGINEERING
AND GEOLOGY, D.P.C., MOSTAFA EL SEHAMY,
MARK E. ROBBINS, TAREK Z. KHOURI,
HAKS ENGINEERS, ARCHITECTS AND LAND
SURVEYORS, D.P.C. and LANGAN ENGINEERING
AND ENVIRONMENTAL SERVICES, INC.,

                Defendants.
-----------------------------------------------------------------------X

### STIPULATION AND (PROPOSED) ORDER APPROVING OF DISMISSAL WITH PREJUDICE

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiffs JULIO

GALARZA, VICTOR CONTRERAS, SILVESTRE CASTILLO, GILBERTO UBILLUZ, JOSE

RAMIREZ, MIGUEL VASQUEZ, and RODOLFO CUADROS, and opt-in Plaintiffs JAVIER

GALINDO GUTIERREZ and EFRAIN HERNANDEZ (collectively as "Plaintiffs") and

Defendants HYDRO ENVIRONMENTAL CONTRACTING, CORP d/b/a ENVIRO DRILLING

& CONTRACTING INC., HYDRO TECH ENVIRONMENTAL CORP., HYDRO TECH

ENVIRONMENTAL ENGINEERING AND GEOLOGY, D.P.C., MARK E. ROBBINS, TAREK

Z. KHOURI, and HAKS ENGINEERS, ARCHITECTS AND LAND SURVEYORS, D.P.C.

(collectively as "Hydro Tech Defendants") and Defendant MOSTAFA EL SEHAMY ("El

Sehamy"), by and through their undersigned counsel, that in accordance with Rule 41(a)(2) of the Federal Rules of Civil Procedure, subject to the Court's signature and entry of this stipulation, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs.

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

LAW OFFICE OF PETER A. ROMERO PLLC

HAMBURGER, MAXSON, YAFFE & MCNALLY, LLP

_____

Peter A. Romero, Esq.
David D. Barnhorn, Esq.
*Attorneys for Plaintiffs*
825 Veterans Highway, Suite B
Hauppauge, New York 11788
Tel.: (631) 257-5588

_____

Andrew K. Martingale, Esq.
*Attorneys for Hydro Tech Defendants* & Haks
225 Broadhollow Road, Suite 301E
Melville, New York 11747
Tel.: (631) 694-2400

Dated: August ___, 2019

Dated: ~~August~~ 17, 2019
          October

SCHWARTZ ETTENGER, PLLC

_____

Jeffrey Ettenger, Esq.
*Attorneys for Defendant El Sehamy*
445 Broad Hollow Road, Suite 205
Melville, New York 11747
Tel.: (631) 777-2401

Dated: August ___, 2019

**SO ORDERED:**

_____

Hon. Arthur D. Spatt, U.S.D.J.

Dated: _____, 2019

Sehamy"), by and through their undersigned counsel, that in accordance with Rule 41(a)(2) of the

Federal Rules of Civil Procedure, subject to the Court's signature and entry of this stipulation, the

Complaint in the above-captioned action and all claims alleged therein be dismissed with

prejudice, with each party to bear their own fees and costs.

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed

in counterparts with scanned PDF or facsimile signatures treated as originals.

LAW OFFICE OF PETER A. ROMERO PLLC          HAMBURGER, MAXSON, YAFFE & MCNALLY, LLP

_____             _____
Peter A. Romero, Esq.                        Andrew K. Martingale, Esq.
David D. Barnhorn, Esq.                      *Attorneys for Hydro Tech Defendants*
*Attorneys for Plaintiffs*                   225 Broadhollow Road, Suite 301E
825 Veterans Highway, Suite B                Melville, New York 11747
Hauppauge, New York 11788                    Tel.: (631) 694-2400
Tel.: (631) 257-5588

Dated: August ___, 2019                      Dated: August ___, 2019

SCHWARTZ ETTENGER, PLLC

_____
Jeffrey Ettenger, Esq.
*Attorneys for Defendant El Sehamy*
445 Broad Hollow Road, Suite 205
Melville, New York 11747
Tel.: (631) 777-2401

Dated: ~~August~~ *catcher* 16, 2019

**SO ORDERED:**


_____
Hon. Arthur D. Spatt, U.S.D.J.


Dated: _____, 2019

19

# **Exhibit C**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JULIO GALARZA, VICTOR CONTRERAS,
SILVESTRE CASTILLO, GILBERTO UBILLUZ,
JOSE RAMIREZ, MIGUEL VASQUEZ, and
RODOLFO CUADROS, on behalf of themselves and all          Docket No.: 18-cv-01380
other persons similarly situated,                                              (ADS) (ARL)

                          Plaintiffs,

              -against-

HYDRO ENVIRONMENTAL CONTRACTING,
CORP d/b/a ENVIRO DRILLING & CONTRACTING
INC., HYDRO TECH ENVIRONMENTAL CORP.,
HYDRO TECH ENVIRONMENTAL ENGINEERING
AND GEOLOGY, D.P.C., MOSTAFA EL SEHAMY,
MARK E. ROBBINS, TAREK Z. KHOURI,
HAKS ENGINEERS, ARCHITECTS AND LAND
SURVEYORS, D.P.C. and LANGAN ENGINEERING
AND ENVIRONMENTAL SERVICES, INC.,

                          Defendants.
------------------------------------------------------------------------X

### **AFFIDAVIT FOR JUDGMENT BY CONFESSION**

STATE OF NEW YORK      )
                                        )ss:
COUNTY OF _____ )

      HYDRO ENVIRONMENTAL CONTRACTING, CORP d/b/a ENVIRO DRILLING &

CONTRACTING INC., through its owner and President, Tarek Khouri, HYDRO TECH

ENVIRONMENTAL ENGINEERING AND GEOLOGY, D.P.C. f/k/a HYDRO TECH

ENVIRONMENTAL CORP., through its owner and President, Tarek Khouri, MARK E.

ROBBINS, and TAREK Z. KHOURI, being duly sworn, deposes and says:

1

1.    HYDRO ENVIRONMENTAL CONTRACTING, CORP d/b/a ENVIRO DRILLING & CONTRACTING INC. resides at and has its principal place of business at 77 Arkay Drive, Suite G, Hauppauge, County of Suffolk, State of New York.

2.    HYDRO TECH ENVIRONMENTAL ENGINEERING AND GEOLOGY, D.P.C., f/k/a HYDRO TECH ENVIRONMENTAL CORP. resides at and has its principal place of business at 77 Arkay Drive, Suite G, Hauppauge, County of Suffolk, State of New York.

3.    MARK E. ROBBINS resides at 8 Avenue K, Kings Park, County of Suffolk, State of New York

4.    TAREK Z. KHOURI resides at 1155 Cumbermead Rd., Fort Lee, County of Bergen, State of New Jersey.

5.    HYDRO ENVIRONMENTAL CONTRACTING, CORP d/b/a ENVIRO DRILLING & CONTRACTING INC., HYDRO TECH ENVIRONMENTAL ENGINEERING AND GEOLOGY, D.P.C. f/k/a HYDRO TECH ENVIRONMENTAL CORP., MARK E. ROBBINS, and TAREK Z. KHOURI (the "Hydro Tech Defendants") are all signatories to and bound by a Settlement Agreement entitled Settlement Agreement and Release, dated as of August ___, 2019 ("Settlement Agreement") which, by its terms, authorizes the entry of Judgment by Confession in the event of a default in the payments due thereunder.

6.    HYDRO ENVIRONMENTAL CONTRACTING, CORP d/b/a ENVIRO DRILLING & CONTRACTING INC., and any future successors in interest, HYDRO TECH ENVIRONMENTAL ENGINEERING AND GEOLOGY, D.P.C. f/k/a HYDRO TECH ENVIRONMENTAL CORP., and any future successors in interest, MARK E. ROBBINS, and TAREK Z. KHOURI, jointly and severally, hereby confesses judgment in favor of Plaintiffs JULIO GALARZA, VICTOR CONTRERAS, SILVESTRE CASTILLO, GILBERTO UBILLUZ,

2

JOSE RAMIREZ, MIGUEL VASQUEZ, and RODOLFO CUADROS, and opt-in Plaintiffs JAVIER GALINDO GUTIERREZ and EFRAIN HERNANDEZ (collectively as "Plaintiffs"); and, attorney for the Plaintiffs, Peter A. Romero, Esq. (as principal of the Law Office of Peter A. Romero PLLC) ("Romero"), for their one-third share of the total gross sum of Six Hundred Thirty Thousand Dollars and Zero Cents ($630,000.00), up to a maximum of Two Hundred and Ten Thousand Dollars and Zero Cents ($210,000.00), as set forth in Paragraph "1", "2" and "6" of the Settlement Agreement, and hereby authorizes the Plaintiffs, and Romero, or their heirs, executors, administrators, or assigns to enter judgment for that sum, against the Hydro Tech Defendants.

7.     This Confession of Judgment is for a debt justly due to Plaintiffs and Romero arising out of the following facts.

    a. Plaintiffs initiated an action in the United States District Court, Eastern District of New York, Docket No.: 18-cv-01380 (ADS) (ARL), alleging, *inter alia*, violations under the Fair Labor Standards Act and the New York State Labor Law (the "Federal Action");

    a. By the terms of the Settlement Agreement, the Hydro Tech Defendants, jointly and severally, promise to pay Plaintiffs and Romero their one-third share of the total gross sum of Six Hundred Thirty Thousand Dollars and Zero Cents ($630,000.00), up to a maximum of Two Hundred and Ten Thousand Dollars and Zero Cents ($210,000.00), as set forth in paragraphs "1", "2" and "6" of the Settlement Agreement.

7.     This Affidavit for Judgment by Confession shall be held in escrow by Plaintiffs' attorney, Romero, and not entered unless and until a default has occurred hereunder, and ten (10) days' written notice in the event of a Default to Andrew K. Martingale, Esq., via email at

amartingale@hmylaw.com, and via USPS First Class Mail to Hamburger, Maxson, Yaffe & Mcnally, LLP, 225 Broadhollow Road, Suite 301E, Melville, New York 11747, has been given, and such default having not been cured.

8.　　The Hydro Tech Defendants understand that a failure to make any required payment or any portion of such required payment will result in a default and if the default is not cured within ten (10) days' written notice, as described above, that this confession of judgment will be entered in the clerk's office without further notice, with the Hydro Tech Defendants being credited for any payments having already been made pursuant to the Settlement Agreement.

9.　　Upon payment in full of all sums due to Plaintiffs and Romero, the judgment to be entered herein shall be satisfied as of record, and this Affidavit of Judgment by Confession shall be null and void.


[THIS SPACE LEFT BLANK INTENTIONALLY]

10.    This Confession of Judgment is not for the purpose of securing the Plaintiffs against a contingent liability.

HYDRO            ENVIRONMENTAL
CONTRACTING, CORP d/b/a ENVIRO
DRILLING & CONTRACTING INC.

By: _____

Name: _Tarek Khoeri_____

Title: _President_____

Dated: ~~August~~ Oct 2, 2019

On _Oct 2_, 2019, before me personally came _Tarek Khoeri_, on behalf of HYDRO ENVIRONMENTAL CONTRACTING, CORP d/b/a ENVIRO DRILLING & CONTRACTING INC., known to me to be the individual described herein, and who executed the foregoing Affidavit for Confession by Judgment, and duly acknowledged to me that he executed same.

_____
Notary Public

HUBERT G PLUMMER
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02PL4989146
Qualified in Nassau County
Commission Expires December 02, 2021

5

HYDRO TECH ENVIRONMENTAL
ENGINEERING AND GEOLOGY, D.P.C.
f/k/a HYDRO TECH ENVIRONMENTAL
CORP.

By: _____

Name: _Tarek Khouri_____

Title: _President_____

Dated: ~~August~~ Oct 2, 2019

On _Oct 2_, 2019, before me personally came _Tarek Khouri_, on behalf of HYDRO TECH ENVIRONMENTAL ENGINEERING AND GEOLOGY, D.P.C. f/k/a HYDRO TECH ENVIRONMENTAL CORP., known to me to be the individual described herein, and who executed the foregoing Affidavit for Confession by Judgment, and duly acknowledged to me that he executed same.

_____
Notary Public

HUBERT G PLUMMER
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02PL4989146
Qualified in Nassau County
Commission Expires December 02, 2021

By: _____

MARK E. ROBBINS

Dated: August ~~August~~ Oct 2, 2019

On Oct 2, 2019, before me personally came MARK E. ROBBINS, known to me to be the individual described herein, and who executed the foregoing Affidavit for Confession by Judgment, and duly acknowledged to me that he executed same.

_____

Notary Public

HUBERT G PLUMMER
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02PL4989146
Qualified in Nassau County
Commission Expires December 02, 2021

By: _____

TAREK Z. KHOURI

Dated: ~~August~~ Oct 2, 2019

On Oct 2, 2019, before me personally came TAREK Z. KHOURI, known to me to be the individual described herein, and who executed the foregoing Affidavit for Confession by Judgment, and duly acknowledged to me that he executed same.

_____

Notary Public

HUBERT G PLUMMER
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02PL4989146
Qualified in Nassau County
Commission Expires December 02, 2021

7

**Exhibit D**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JULIO GALARZA, VICTOR CONTRERAS,
SILVESTRE CASTILLO, GILBERTO UBILLUZ,
JOSE RAMIREZ, MIGUEL VASQUEZ, and
RODOLFO CUADROS, on behalf of themselves and all          Docket No.: 18-cv-01380
other persons similarly situated,                          (ADS) (ARL)

                                        Plaintiffs,

                    -against-

HYDRO ENVIRONMENTAL CONTRACTING,
CORP d/b/a ENVIRO DRILLING & CONTRACTING
INC., HYDRO TECH ENVIRONMENTAL CORP.,
HYDRO TECH ENVIRONMENTAL ENGINEERING
AND GEOLOGY, D.P.C., MOSTAFA EL SEHAMY,
MARK E. ROBBINS, TAREK Z. KHOURI,
HAKS ENGINEERS, ARCHITECTS AND LAND
SURVEYORS, D.P.C. and LANGAN ENGINEERING
AND ENVIRONMENTAL SERVICES, INC.,

                                        Defendants.
-------------------------------------------------------------------X

### AFFIDAVIT FOR JUDGMENT BY CONFESSION

STATE OF NEW YORK          )
                           )ss:
COUNTY OF _Suffolk_        )

        MOSTAFA EL SEHAMY, being duly sworn, deposes and says:

        1.      I reside at _227 Timber Ridge, Commack_, County of _Suffolk_, State of

New York _____.

        2.      I am a signatory to and bound by a Settlement Agreement entitled Settlement

Agreement and Release, dated as of ~~August~~ _october_ _16_, 2019 ("Settlement Agreement") which, by its

terms, authorizes the entry of Judgment by Confession in the event of a default in the payments

due thereunder.

3.     I, jointly and severally, hereby confess judgment in favor of Plaintiffs JULIO

GALARZA, VICTOR CONTRERAS, SILVESTRE CASTILLO, GILBERTO UBILLUZ, JOSE

RAMIREZ, MIGUEL VASQUEZ, and RODOLFO CUADROS, and opt-in Plaintiffs JAVIER

GALINDO GUTIERREZ and EFRAIN HERNANDEZ (collectively as "Plaintiffs"); and, attorney

for the Plaintiffs, Peter A. Romero, Esq. (as principal of the Law Office of Peter A. Romero PLLC)

("Romero"), for my two-third share of the total gross sum of Six Hundred Thirty Thousand Dollars

and Zero Cents ($630,000.00), up to a maximum of Four Hundred and Twenty Thousand Dollars

and Zero Cents ($420,000.00), as set forth in Paragraph "1", "2" and "6" of the Settlement

Agreement, and hereby authorize the Plaintiffs, and Romero, or their heirs, executors,

administrators, or assigns to enter judgment for that sum, against me.

4.     This Confession of Judgment is for a debt justly due to Plaintiffs and Romero

arising out of the following facts.

    a.   Plaintiffs initiated an action in the United States District Court, Eastern District

of New York, Docket No.: 18-cv-01380 (ADS) (ARL), alleging, *inter alia*,

violations under the Fair Labor Standards Act and the New York State Labor

Law (the "Federal Action");

    a.   By the terms of the Settlement Agreement, I promise to pay Plaintiffs and

Romero my two-third share of the total gross sum of Six Hundred Thirty

Thousand Dollars and Zero Cents ($630,000.00), up to a maximum of Four

Hundred and Twenty Thousand Dollars and Zero Cents ($420,000.00), as set

forth in paragraphs "1", "2" and "6" of the Settlement Agreement.

7.     This Affidavit for Judgment by Confession shall be held in escrow by Plaintiffs'

attorney, Romero, and not entered unless and until a default has occurred hereunder, and ten (10)

days' written notice in the event of a Default to Jeffrey Ettinger Esq., via email at jse@selawny.com, and via USPS First Class Mail to Schwartz Ettenger, PLLC, 445 Broad Hollow Road, Suite 205, Melville, New York 11747, has been given, as required by the Settlement Agreement, and such default having not been cured.

8.     I understand that a failure to make any required payment or any portion of such required payment will result in a default and if the default is not cured within ten (10) days' written notice, as described above, that this confession of judgment will be entered in the clerk's office without further notice, with myself being credited for any payments having already been made pursuant to the Settlement Agreement.

9.     Upon payment in full of all sums due to Plaintiffs and Romero, the judgment to be entered herein shall be satisfied as of record, and this Affidavit of Judgment by Confession shall be null and void.

10.     This Confession of Judgment is not for the purpose of securing the Plaintiffs against a contingent liability.

By:    X _____

MOSTAFA EL SEHAMY

Dated: ~~August~~ *October* _16_, 2019

On _October 16_, 2019, before me personally came MOSTAFA EL SEHAMY, known to me to be the individual described herein, and who executed the foregoing Affidavit for Confession by Judgment, and duly acknowledged to me that he executed same.

JEFFREY S. ETTENGER
NOTARY PUBLIC, ... ... York
No. 02ET63360...
Qualified in Suffolk County
Commission Expires 08/20

_____
Notary Public

3